AMADO SALDANA, JR. V. MARIA SALDANA GARCIA, ET VIR.

No. A-5207. Decided December 14, 1955.
Rehearing overruled January 11, 1956.
(285 S.W. 2d Series 197)

*Homer Lopez* of Kingsville, and *Raeburn Norris*, of Alice, for petitioner.

*Gus L. Kowalski, Charles G. Lyman* and *Howard F. Sudduth*, all of Corpus Christi, for respondents.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit was instituted by respondents against petitioner

on November 25, 1952 to recover a one-half interest in certain real and personal property. The trial court's judgment in favor of respondents was affirmed by the Court of Civil Appeals. 275 S.W. 2d 563.

Respondents alleged in their second amended original petition that in October 1929, at the instance of her brother, Agustin Saldana, their parents sold the homestead and with part of the money Agustin established a retail grocery business in the City of Kingsville; that the business was in the nature of a family venture for the benefit of the mother and father and their three children, Maria Agustin and petitioner, Amado, Jr.; that all of the property involved in this suit was purchased after the establishment of the store and the consideration paid therefor were funds solely derived from the business; that her mother died in 1943, her father in 1950, and Agustin in February 1952, leaving as sole survivors the petitioner and respondent, Maria; that the parents and brother having died intestate, the respondent, Maria, was entitled, under the law of descent and distribution of the State of Texas, to an equal one half of all property acquired from and after 1929. The petitioner answered by general and special denial, specifically denying the allegations to the effect that the grocery business was a family venture. By way of cross-action petitioner alleged that about the year 1934 he and his brother, Agustin, entered into an equal partnership in the grocery business and that no one else owned any interest therein, and that on the date of the death of his brother, the respondent, Maria, became the owner of ¼th of all the grocery business, ¼th of a 49.5 acre farm, together with farming machinery and equipment, and ¼th of Lots 15 and 16, Block 11 of the original town of Kingsville, and petitioner was the owner of the remaining ¾ths. This is the same property that respondents contend was purchased with profits from the grocery business.

Respondents alleged that in 1934 Agustin established the new grocery business by the use of funds from the old business; that he purchased Lots Nos. 15 and 16, in Block 11, of the original town of Kingsville; that the title was taken in the name of Agustin "but in fact acting as trustee for his parents, brother and sister;" that profits from the old business were used to erect a store building on these lots; than on June 18, 1948, "out of the profits from said business said Agustin Saldana and Amado Saldana, Jr., (petitioner) purchased and paid for "the tract of 49.5 acres," and thereafter, "out of the profits of said

business" the two brothers also purchased the farming implements and equipment involved in this suit.

The record shows that Agustin was insolvent in 1929 and that the petitioner was working for wages in a railroad shop and continued in that employ until the spring of 1935 when he became joint manager of the store with Agustin at a salary of $60.00 per month.

A jury, in answer to special issues, made findings as follows:

(1) that the grocery business operated on the Garcia home property from 1929 to 1935 was not a family enterprise, equally owned by and equally operated for the benefit of the Saldana family;

(2) that the present (1934) grocery store was started with profiits and properties from the grocery store business theretofore operated on the Isauro Garcia home property;

(3) that the grocery store business from 1935 until Agutin's death in 1952 was not a family enterprise;

(4) that the 49.5 acre farm and farm implements and equipment were paid for out of funds derived from the profits from the grocery business;

(5) that the farm and farm equipment were not a family enterprise owned and operated equally for the benefit of the surviving members of the Saldana family;

(6) that petitioner's home was not paid for with funds derived from the profits of the grocery store business; and

(7) that this property was not a family enterprise equally owned for the benefit of the entire Saldana family;

(8) that there was a "relation of trust and confidence on the part of Maria to and in her deceased brother from 1929;"

(9) but that she did not rely upon the trust and confidence which she reposed in him;

(10) that the real and personal property described in the pleadings and which belonged to the plaintiff and defendant

was not susceptible of being fairly and equitably divided in kind between the parties;

(11) that the net profit earned from the grocery business from and after February 5, 1952 was the sum of $3,704.73 and net profits from the farm was the sum of $117.41.

We point out that all of the property is involved in this appeal except that which is listed above under jury findings Nos. 6 and 7 as being owned individually by the petitioner. While the judgment entered by the trial court makes no direct award of this property, yet it is clear that respondents recognize that petitioner is the owner of property being Lots 29, 30, 31 and 32, Block 26 of the original townsite of Kingsville.

No special issues were submitted to the jury and none were requested by petitioner on the question raised by his cross-action, to the effect that from and after 1934 he and his brother were equal partners in the grocery business. Likewise, no special issues were submitted to the jury and none were requested by petitioner as to whether petitioner contributed anything to the business or properties with which we are now concerned, or whether Agustin Saldana, the deceased brother, was holding title to any of the properties or business concerned as trustee for petitioner, or under any partnership arrangement with petitioner.

It was upon this theory that petitioner based his contention that from and after the death of his brother the respondent, Maria, inherited only ¼ of all the properties, and that he, as an heir at law of the said brother, became the owner of the remaining ¼th, in addition to the ½ interest, by virtue of being an equal partner in the grocery business, as well as an owner of ½ of all the property involved. Respondents filed a denial to petitioner's cross-action. The pleadings of the respondents deny that petitioner was ever an equal partner with Agustin in the grocery business.

Respondents filed a motion for judgment requestiong the court to disregard the findings of the jury in answer to special issues Nos. 1,3,5,6,7 and 9, or, in the alternative, to render judgment non obstante veredicto, and still further in the alternative, that the court render judgment for plaintiffs-respondents. In connection with this latter alternative, the motion for judgment presents the contention that the negative answer to special issue No. 1 is not a bar to her recovery for the reason that respond-

ent, Maria Saldana Garcia, being an heir at law of Agustin Saldana, deceased, who died intestate, was entitled as a matter of law to share the estate of her deceased brother on an equal basis with the petitioner, and that the undisputed evidence and the overwhelming weight of the credible evidence showed that the grocery business and all the property involved was operated and owned by Agustin Saldana, and that upon his death she was entitled to ½ of all such property. The motion called the court's attention to the failure of petitioner to request the submission of the issue as to whether an equal partnership had existed between the brothers from 1934 to 1952, to the exclusion of respondents.

The petitioner filed a motion for judgment asking the trial court to enter judgment in his favor upon the findings of the jury, and that the judgment desired should decree to petitioner a ¾ths interest in and to all the property now involved in this suit.

The trial court, after considering the respective motions for judgment, entered its judgment in favor of the respondents. The judgment recites that "the court having heard argument of counsel thereon, and the court having made such findings of fact and of law as were material and necessary in support of the following judgment and the court having considered the answers of the jury to the special issues, and being of the opinion that the following should be the order, judgment and decree of this court * * * That plaintiffs, * * * are and they are hereby declared and adjudicated to be the owners of a one-half undivided fee simple ownership and title from and after February 5, 1952 (the date of Agustin's death), and as of the date of this judgment." Then follows a full description of all properties, except petitioner's home place.

The judgment ordered that the properties were not susceptible of partition and a receiver was appointed to take possession of said properties, to continue the grocery business and to eventually sell all of the properties and pay the proceeds over to the plaintiffs and defendant in the proportionate shares of one half to each. The judgment awards to plaintiff-respondent the sum of $2,153.57 and provides that this sum shall be payable out of defendant-petitioner's one-half share. The sum of $284.25 was awarded to defendant against the plaintiff and this sum was ordered to be paid out of the one-half share awarded to the plaintiff

■ The petitioner, without filing a motion for new trial, gave notice of appeal and presented in the Court of Civil Appeals one point of error as follows: "The judgment of the trial court is not supported by the findings of the jury or the conclusive evidence, and the trial court erred in entering same."

The respondents-appellees in the Court of Civil Appeals attacked the sufficiency of appellant-petitioner's brief on the ground that no facts were contained therein supporting the point presented. We have examined the brief, as well as a supplemental brief, which was filed after the objections to the original brief were filed, and find that petitioner wholly failed to show that there was evidence that he and his brother, Agustin, owned the property now involved in this suit to the exclusion of respondents, or that Agustin was not the sole owner thereof.

Assuming that the point presented in the brief was sufficient to direct the court's attention to the matter complained of, the court is only required to pass on the merits of the point of error in the light of the statement thereunder. Fambrough v. Wagley, 140 Texas 577, 169 S.W. 2d 478.

■ Petitioner stated in his brief that the "undisputed evidence shows that the only kind of partnership that ever existed was one between appellant (petitioner) and Agustin Saldana, deceased." This contention was not followed by a statement of the evidence introduced in the trial of the case. In fact, no evidence of any character was set out in the brief supporting his theory of the case, or the contention that the trial court erred in rendering judgment for respondents. See Rule 418, Texas Rules of Civil Procedure. It was not the duty of the Court of Civil Appeals to make an independent search of the statement of facts, which in this instance consisted of 510 pages and many exhibits, including account books and other records. Since the petitioner failed to point out to the Court of Civil Appeals any evidence to support his contention that the trial court's judgment should be set aside because it was not supported by the conclusive evidence, he failed to discharge his burden. The petitioner was timely apprised of defects in his original brief, and was given an opportunity before the rendition of the judgment to present a statement from the record supporting his right of recovery on the theory advanced by his pleadings. Petitioner failed to take advantage of this opportunity.

It is true that petitioner's motion for rehearing filed in the Court of Civil Appeals after its judgment of affirmance does

have incorporated therein statements from the record which would tend to support his contention that he and his brother were the sole owners of the property, the subject matter of this suit, and the application for writ of error likewise directs this court's attention to such evidence.

■ We hold that the incorporation of a statement of the record in the motion for rehearing, which was filed after the Court of Civil Appeals had considered and disposed of the case on the briefs of the parties, does not meet the requirements of the Texas Rules of Civil Procedure, and that the Court of Civil Appeals was not required to consider such statement on rehearing. See Hardin et al v. Palm et ux, Tex. Civ. App., 253 S.W. 948, error dismissed; Bertram v. Reed Automobile Co., Inc., Tex. Civ. App., 49 S.W. 2d 517, error dismissed.

For the reasons above stated the judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered December 14, 1955.

Rehearing overruled January 11, 1956.