**Roynold A. SMAIL and Laverne Smail, Appellants,**

v.

**SEQUOYA MOBILE HOMES, INC., et al., Appellees.**

No. 8850.

Court of Civil Appeals of Texas, Amarillo.

April 24, 1978.

Second Motions for Rehearing Denied July 10, 1978.

Walters & Associates, Carolyn Jordan and James A. Walters, Lubbock, for appellants.

Travis D. Shelton & Associates, Dennis W. McGill, Lubbock, for appellee Crawford Chevrolet, Inc.

Key, Carr, Evans & Fouts, Yvonne M. Faulks, Lubbock, for appellee General Electric Credit Corp.

DODSON, Justice.

This is a case for damages for alleged breaches of express and implied warranties and for violations of the Federal Truth in Lending Act[1] and the Texas Consumer Credit Act.[2] Roynold A. Smail and Laverne Smail, plaintiffs-appellants, sued Sequoya Mobile Homes, Inc., a corporation, defendant-appellee, and Glen Crawford, d/b/a Crawford Mobile Homes, defendant-appellee, for alleged breaches of warranty in the sale and installation of a mobile home. The Smails also sued Crawford and General Electric Credit Corporation, defendant-appellee, for damages for several alleged violations of Federal and State consumer credit protection statutes. The trial court entered a take-nothing judgment against the Smails on a jury verdict. They appeal from this judgment. We affirm in part, reverse and render in part, and remand in part.

I

The Smails purchased a mobile home, manufactured by Sequoya, from Crawford. On September 21, 1974, the Smails executed a "Retail Installment Contract Vehicle Security Agreement" which was assigned by Crawford to General Electric Credit Corporation. On or about October 3, 1974, Crawford delivered and "set up" the mobile home. Shortly after the Smails moved into the home, they discovered several alleged defects therein. Representatives from both Crawford and Sequoya inspected the mobile home and made some minor adjustments to it. However, the Smails were never satisfied with its condition. The Smails moved out and negotiated a lease-purchase arrangement with a friend. The lease provided for the lessee to pay a sum equal to monthly installments with an option to purchase the mobile home by assuming the remaining unpaid monthly installments.

In response to special issues, the jury found that the mobile home was free from substantial manufacturing defects in design or workmanship and/or materials at the time it was delivered to Crawford by Sequoya; that the mobile home was fit for the ordinary purpose for which such mobile homes are intended to be used; that at the time the Smails purchased the mobile home in question, it was in the same condition as it was in when it was delivered to Crawford by Sequoya; that the fair market value of the mobile home in the condition the mobile home was in at the time the Smails purchased it was $9,457 (the actual purchase price of the mobile home was $8,807). Also, the jury failed to find that any damages to the mobile home were caused by any improper setting up procedures by Crawford.

In this court, the Smails contend that the trial court erred in failing to disregard the jury's verdict on these issues. They say there is no evidence to support the jury's

1. 15 U.S.C. § 1638 (1974) et seq. and 12 C.F.R. § 226.4 (1974) (Regulation Z) et seq.

2. Tex.Rev.Civ.Stat.Ann. art. 5069–7.01 (1971) et seq.

verdict and that the verdict is against the great weight and preponderance of the evidence. Under these contentions, they aver only that the case should be reversed and remanded for a new trial.

■■■ The Smails had the burden of persuasion on these issues. They failed to obtain favorable findings by the jury. The jury's failure to find the facts necessary for the Smails to recover required no affirmative evidence for support. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973). Moreover, their briefs do not direct us to any evidence in the record in support of their position. *See* Rule 418(e) Texas Rules of Civil Procedures; *Saldana v. Garcia*, 155 Tex. 242, 285 S.W.2d 197 (1955). Nonetheless, we have reviewed all of the evidence in the record in connection with all the points raised on appeal and conclude that the Smails failed to conclusively establish these matters. We also conclude that the jury's verdict was not so against the great weight and preponderance of the evidence as to be manifestly wrong.

## II

On September 16, 1974, Roynold A. Smail and Crawford Mobile Homes executed a "purchase agreement" on the mobile home. The Smails claim various violations of both the Federal and State consumer credit acts in connection with this agreement. However, this agreement was conditioned on the Smails receiving credit approval. Their credit was not approved on the terms as stated in this "purchase agreement." The condition precedent of credit approval (on this agreement) simply never came about, hence the parties were not bound by the terms of the agreement.

Another agreement was required to continue and consummate the transaction. On September 21, 1974, the Smails executed the "Retail Installment Contract Vehicle Security Agreement" to Crawford, which was assigned to General Electric Credit Corporation.

■■■ Only the September 21, 1974, retail installment contract reflects the terms of the agreement actually entered into by these parties. Section 1638(b) of title 15 U.S.C. states that the disclosure required by the Federal act may be made in the contract evidencing the indebtedness signed by the purchaser. Likewise, Tex.Rev.Civ.Stat. art. 5069–7.01(d), (e) and 7.02(1) indicate that disclosures are required in the retail installment contract evidencing the terms of a retail installment transaction signed by the buyer. Accordingly, we are required to review only the retail installment contract for consideration of violations of either the State or Federal act.

■■ The Smails claim that the September 21, 1974, retail installment contract executed by them contained multiple violations of the Federal act. The holding of *Tinsman v. Moline Beneficial Finance Company*, 531 F.2d 815, 819 (7th Cir. 1976) specifically limits buyers to only one recovery of damages and attorney's fees under the Federal statutes and regulations, even if a document contains multiple violations. In the case before us we have one transaction for the purchase of one mobile home, and one credit document rather than a series of transactions. If the Smails have shown one violation, then they are limited to only one recovery of statutory damages and attorney's fees under the Federal act.

■■ The Smails say the retail installment contract violates 12 C.F.R. § 226.801(b) because the place provided for the buyer's signature is not below the full content of the document and the agreement fails to show on both sides thereof the statutory wording "Notice: See other side for important information." The document consists of the front and back of one page. The place for the buyer's signature appears on the front page and the document continues with other terms on the back page. Also, the statutory notice provision does not appear on either side of the document. We conclude that the agreement does not comply with the requirements of the regulation. *See also McDonald v. Savoy*, 501 S.W.2d 400, 406 (Tex.Civ.App.—San Antonio 1973, no writ).

The statutory civil liability for this violation is prescribed by Section 1640 of title 15 U.S.C. as follows:

. . . in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

In this case, twice the amount of the finance charge exceeds $1,000. The Smails are entitled to recover of and from Glen A. Crawford d/b/a Crawford Mobile Homes and General Electric Credit Corporation, jointly and severally, the sum of One Thousand and no/100 ($1,000) dollars plus costs herein and a reasonable attorney's fee to be determined by the trial court. *See O. R. Mitchell Motors, Inc. v. Bell*, 528 S.W.2d 856 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Southwestern Investment Company v. Mannix*, 557 S.W.2d 755 (Tex. 1977); and *Cantrell v. First National Bank of Euless*, 560 S.W.2d 721, 731–732 (Tex.Civ. App.—Fort Worth 1977, no writ).

### III

■ The Smails contend the retail installment contract violates several provisions of the Texas Consumer Credit Code. They aver that the instrument fails to disclose the correct amount of their down payment in violation of art. 5069–7.02(6)(b). The instrument recites a cash price of $9,457 and a cash down payment of $950 with the difference reflected as an "unpaid balance of cash price" at $8,507. The testimony is undisputed that the Smails made a cash down payment of only $300. It is also undisputed that they received the $650 difference as a reduction in the purchase price.

In support of their position, the Smails rely on *Gilbert v. Wood Acceptance Co.*, 486 F.2d 627 (7th Cir. 1973). In *Gilbert* the court condemned the deferment of a part of the stated down payment purchase price under a short term non-interest bearing note. However, in *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230, 238 (10th Cir. 1975) the court reached the opposite result. In declining to follow *Gilbert* and its earlier progeny, the *Redhouse* court said:

However, we are persuaded that these decisions do not serve the cause of basic fairness and justice where, as here, full disclosure was afforded via the documents used and where, as here, no harm was done to the appellees, and where, as here, a damage award would not be required to make the plaintiffs whole, but would afford them an unjustifiable windfall.

In the case before us, the $650 was excluded from the purchase price rather than deferred in the financing arrangement.

In this case, the net result of showing a $950 down payment was a reduced purchase price of $8,807 with an actual down payment of $300. On cross-examination, Mr. Smail acknowledged that the down payment was recited as $950 to facilitate financing for the transaction. Yet, he now contends that this alleged violation of the Texas Consumer Credit Code entitles him to recover statutory damages of double the amount of the finance charge. We do not agree. Under the circumstances relating to this contention, the Smails, who are *in pari dilecto*, are precluded from recovery.

■ Also, the Smails contend that the retail installment contract fails to "disclose clearly and conspicuously that insurance is required for the full term of the contract and/or to clearly and conspicuously disclose the charge therefor" as required by art. 5069–7.06(3). We do not agree. The contract states that certain insurance is required for the full term of the agreement. The contract also specifically reflects the type, cost and expiration date of insurance coverage purchased by the buyer. The original coverage term was three years. The seller is not required to speculate on insurance rates over the full contract term of 125 months. We conclude that the retail installment contract complies with art. 5069–7.06(3).

■ Finally, the Smails contend that the contract fails to provide a specific statement concerning "liability insurance coverage for bodily injury and property damage caused to others" as provided in art. 5069–7.02(3). We do not agree with this contention. The contract states in bold type that "liability insurance for bodily injury and property damage to others is not included unless such coverage is a part of a mobile homeowners policy purchased hereunder." The contract conclusively shows on its face that a "mobile homeowners policy" was not purchased under the agreement.

The Smails' points of error 1, 2, 17 and 18, to the extent they relate to the Federal act violation determined here, are sustained. Their points of error 6, 7, 11, 12, 13, 14, 15, 19 and 20 are overruled, and likewise points 1 and 2 to the extent they relate to alleged Texas act violations are overruled. Our discussion and disposition of these points are determinative of this appeal; therefore it is unnecessary to further discuss the Smails' remaining points of error.

We affirm the take-nothing judgment of the trial court entered against the Smails and in favor of Sequoya Mobile Homes, Inc., a corporation, and Glen A. Crawford d/b/a Crawford Mobile Homes on the Smails' actions for alleged breach of express and implied warranties. We also affirm the take-nothing judgment against the Smails in favor of Crawford and General Electric Credit Corporation on the cause of action for alleged violation of the Texas Consumer Credit Code.

However, we sever the Smails' cause of action for violations of the Federal Truth-in-Lending Act and render judgment that Roynold A. Smail and Laverne Smail do have and recover the sum of One Thousand and no/100 ($1,000) dollars plus interest at the rate of nine percent per annum from February 10, 1977, until paid from General Electric Credit Corporation and Glen A. Crawford d/b/a Crawford Mobile Homes, jointly and severally. Also, the unresolved factual issue of reasonable attorney's fees is severed from this action and remanded for determination and entry of judgment.

The costs in this court are taxed against the appellees General Electric Credit Corporation and Glen A. Crawford d/b/a Crawford Mobile Homes.

## ON MOTION FOR REHEARING

On Motion for Rehearing General Electric Credit Corporation and Crawford again maintain that their installment contract-security agreement did not violate 12 C.F.R. § 226.801(b). They also contend that any violations were excused by jury findings that the defendants had substantially complied with the regulation.

■ We concluded that the document violates the regulation. When a creditor elects to combine a contract, security agreement, and required disclosures in a single document, the disclosures may be made on either or both sides of the document. However, the regulation mandates that the finance charge and annual percentage rate appear on its face and,

if the reverse side is used, the printing on both sides of the document shall be equally clear and conspicuous, both sides *shall* contain the statement, "NOTICE: See other side for important information," and *the place for the customer's signature shall be provided following the full content of the document.*

12 C.F.R. § 226.801(b) (1974) (emphasis added). Defendants GECC and Crawford contend, however, that these provisions apply only if the reverse side is used *for required disclosures.*

The regulation does not contain such limiting language. Moreover, the language specifically referring to the violations in question clearly states that the place for the customer's signature *shall* be provided "following the *full content of the document.*" The specific mandate that the signature follow the document's full content preempts any assertion that the regulation can be satisfied by merely placing all required disclosures on the front page and having the customer sign beneath them. Such an interpretation would permit the contract and security agreement to be inconspicuously

printed on the back of the document with nothing to call the consumer's attention to its presence. We do not believe the regulation intended such a result. Instead section 226.801(b) permits a creditor to integrate the contract, security agreement and disclosures into one document. If the reverse side of that document is used, its printing must be as clear and conspicuous as that on its face, both sides must contain notice of important information on the other side, and the signature line must be below its full content.

 The availability of the defense of "substantial compliance" to the Federal or State consumer protection statutes is not settled. *Compare Dixon v. D. H. Holmes Company, Limited*, 566 F.2d 571 (5th Cir. 1978) and *Hight v. Jim Bass Ford, Inc.*, 552 S.W.2d 490, 492 (Tex.Civ.App.—Austin 1977, writ granted) (holding that literal compliance is not necessary) *with Grant v. Imperial Motors*, 539 F.2d 506, 510 (5th Cir. 1976) and *Ford Motor Credit Company v. Blocker*, 558 S.W.2d 493, 499 (Tex.Civ.App. —El Paso 1977, writ ref'd n. r. e.) (requiring literal compliance). Nonetheless, from the facts before us it is sufficient to say that GECC and Crawford did not substantially comply with the requirements of section 226.801(b). The document contains the notations, "THE TERMS OF THIS CONTRACT ARE ON BOTH SIDES OF THIS PAGE" at the top of the first page, and "ADDITIONAL TERMS AND CONDITIONS" at the top of the back page. These captions are not printed or phrased in a manner calculated to seize the consumer's attention like the word "NOTICE." And they do not advise the consumer that the items on the other side are *important.* Merely advising the consumer of the presence of additional terms and conditions does not substantially comply with the required notice provision.

 Likewise, the small parenthetical notation near the bottom of the back page, "(See other side for Buyer's signature)" does not substantially comply with the regulation's signature line requirement. A mere reference to the signature's location is no substitute for a buyer's signature following the full contents of the document.

 These requirements are calculated to assure the buyer an opportunity to examine the full content of the document prior to signing it. We are not at liberty to re-write the regulation to permit the signature following only the required disclosures. This would thwart the intent of the regulation. *Cf. Anguiano v. Jim Walter Homes, Inc.*, 561 S.W.2d 249, 255 (Tex.Civ.App.— San Antonio 1978, no writ).

We adhere to our former opinion and find that General Electric Credit Corporation and Crawford Mobile Homes violated 12 C.F.R. § 226.801(b) as a matter of law. Appellees' Motions for Rehearing are overruled.

The Appellants have also filed a Motion for Rehearing. The points raised were fully considered in our original opinion. Appellants' Motion for Rehearing is overruled.