In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00099-CV
______________________________


IN THE INTEREST OF
J.E.C., A CHILD
 


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 03C1973-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Shelly Carpenter appeals the termination of her parental rights and the subsequent placement
of her daughter, J.E.C. Carpenter contends on appeal that the evidence is factually insufficient to
support the termination of her parental rights. She also contends the trial court did not apply the
proper preference for placement in accordance with the Indian Child Welfare Act (ICWA). We deny
all points of error and affirm the judgment of the trial court.
            In her first point of error, Carpenter contends the trial court erred in ruling that termination
was in the best interest of J.E.C. because the Texas Department of Family and Protective Services
(Department) did not place J.E.C. in the home where her three siblings live. This point of error is
overruled. 
            The standard of review in parental rights termination proceedings is clear and convincing
evidence. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2005); In re J.F.C., 96 S.W.3d 256, 263
(Tex. 2002). The evidence is clear and convincing when the proof is such that it produces in the
mind of the trier of fact a firm belief or conviction of the truth of the allegations sought to be
established by the State. In re C.H., 89 S.W.3d 17, 25–26 (Tex. 2002). 
            When reviewing a factual sufficiency challenge to a parental rights termination, we consider
the evidence the fact-finder could reasonably have found to be clear and convincing. See J.F.C., 96
S.W.3d at 266; C.H., 89 S.W.3d at 25–26. In applying this standard to a trial court's findings, we
ask whether there was sufficient evidence presented to produce in the mind of a rational fact-finder
a firm belief or conviction as to the truth of the allegations sought to be established. In re N.R., 101
S.W.3d 771, 774 (Tex. App.—Texarkana 2003, no pet.).
            In this case, the Department initiated the termination proceedings. The trial court held a
bifurcated termination trial in which the court first decided whether grounds existed for termination
and if termination was in the best interest of J.E.C., and then decided who should assume custody
of the child. 
            The court named the Department as permanent managing conservator. While the court
retained supervisory power over this placement, the issue of who should assume actual custody of
J.E.C. was not the only consideration in the trial court's decision of whether Carpenter's parental
rights should be terminated.
            Carpenter does not challenge the sufficiency of evidence regarding the grounds for
termination. See Tex. Fam. Code Ann. § 161.001. She only challenges the court's judgment that
termination is in the best interest of the child. There is ample evidence in the record to support the
trial court's decision.
            A number of factors are considered when determining the best interest of the child. Among
these are: (A) the desires of the child; (B) the emotional and physical needs of the child now and in
the future; (C) the emotional and physical danger to the child now and in the future; (D) the parental
abilities of the individuals seeking custody; (E) the programs available to assist these individuals to
promote the best interest of the child; (F) the plans for the child by these individuals or by the agency
seeking custody; (G) the stability of the home or proposed placement; (H) the acts or omissions of
the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I) any excuse for the acts or omissions of the parent. Holley v. Adams, 544 S.W.2d 367, 371–72
(Tex. 1976).
            When J.E.C. was born, she tested positive for methamphetamine. Carpenter tested positive
for marihuana and methamphetamine. J.E.C. has medical problems likely stemming from
Carpenter's drug use. Carpenter admitted she has a drug problem.
            At the time of J.E.C.'s birth, Carpenter did not have a blanket, clothes, socks, shoes, bedding,
diapers, or a car seat for J.E.C. Carpenter did not have a stable residence. Carpenter admitted to a
caseworker that she was incapable of taking care of her children.
            J.E.C. was placed with her foster parents, Stephen and Sonya Gaines, when she was two days
old. They have cared for her virtually her entire life. They hope to adopt J.E.C. A caseworker with
the Department and the Court-Appointed Special Advocate testified that keeping J.E.C. with her
foster parents was in her best interest. A psychologist, Dr. Donald Winstead, testified the child
would be harmed and suffer detachment disorder if she could not remain with her foster parents. He
testified that, given the child's age, the safest thing to do would be to leave J.E.C. with her foster
parents.
            We hold that the evidence is factually sufficient to support the trial court's decision to
terminate Carpenter's parental rights.
            In her second point of error, Carpenter contends the trial court erred by not applying the
proper preference for placement of children under the ICWA. We overrule this point of error
because it has been inadequately briefed and is therefore waived. 
            For an issue to be properly before this Court, the issue must be supported by argument and
authorities and must contain appropriate citations to the record. See Tex. R. App. P. 38.1(h); Knoll
v. Neblett, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Carpenter
failed to cite any portion of the record in support of this point of error. It has long been the position
of appellate courts that we have no duty to make an independent search of the reporter's record to
find support for an appellant's contentions. Fredonia State Bank v. Gen. Am. Life Ins. Co., 881
S.W.2d 279, 283 (Tex. 1994); Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197, 201 (1955).
            Carpenter states she was only able to find two Texas cases interpreting the ICWA. However,
she does not explain why those cases are proper authority or how they are relevant to this case. A
point of error not adequately supported by either argument or authorities is waived. Trenholm v.
Ratcliff, 646 S.W.2d 927, 934 (Tex. 1983); Wheeler v. Methodist Hosp., 95 S.W.3d 628, 648 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).
            The ICWA requires that, during foster care or other preadoptive placements, preference be
given to: (i) a member of the Indian child's extended family; (ii) a foster home licensed, approved,
or specified by the Indian child's tribe; (iii) an Indian foster home licensed or approved by an
authorized non-Indian licensing authority; or (iv) an institution for children approved by an Indian
tribe or operated by an Indian organization which has a program suitable to meet the Indian child's
needs. 25 U.S.C. § 1915(b) (2005). 
            Carpenter has made no contention as to how the trial court failed to comply with the ICWA. 
She has made no contention as to what the proper preference for placement of this child should have
been. She has not shown that there was a member of J.E.C.'s extended family, or Indian foster home,
or other agency included within the ICWA with which J.E.C. would have been properly placed. 
Carpenter appears to suggest in her first point of error that J.E.C. should have been placed with Sue
Johnson, the paternal grandmother of two of Carpenter's other children. However, the trial court
found that Johnson did not qualify as an extended family member under the ICWA. We are
presented with no reason to overturn this finding.
            In short, Carpenter has not provided this Court with any argument, citation to the record, or
authority that would allow us to render an informed judgment regarding this issue. An inadequately
briefed issue may be waived on appeal. See Fredonia State Bank, 881 S.W.2d at 284 (discussing
"longstanding rule" that point may be waived due to inadequate briefing). Accordingly, we will not
consider this complaint. See id.; TXO Prod. Co. v. M.D. Mark, Inc., 999 S.W.2d 137, 143 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied).
            Having overruled all points of error, we affirm the judgment of the trial court.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 5, 2005
Date Decided:             December 23, 2005