NO. 07-06-0484-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 11, 2007

_____

IN THE MATTER OF THE MARRIAGE OF

DAVID HAGSTROM AND KAREN HAGSTROM

_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2005-529,358; HONORABLE PAULA LANEHART, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, David Hagstrom, and Appellee, Karen Hagstrom, were married on May 9, 1998, and ceased to live together as husband and wife in February 2005. No children were born of the marriage. David filed for divorce and Karen counter-petitioned for divorce. After a two-day trial to the bench, the trial court entered a Final Decree of Divorce and ordered division of the marital estate. Upon David's request, the trial court entered Findings of Fact and Conclusions of Law. By a sole issue, David contends the evidence does not

support the trial court's award of $74,965 to Karen, an award of an encumbrance in favor of Karen for $74,930 against property awarded to him, and an award to Karen of $48,469 as reimbursement. He contends that awards contained in the Final Decree of Divorce do not correspond with the trial court's Findings of Fact and Conclusions of Law.

Karen responds that David has failed to preserve his issue for appellate review by failing to include citations to the reporter's record in support of his complaint. *See* Tex. R. App. P. 38.1(h). We agree. David's only record references in his brief are to the clerk's record, mainly the Decree of Divorce and the trial court's Findings of Fact and Conclusions of Law.

The reporter's record consists of 248 pages of testimony and 336 pages of exhibits. An appellate court is not required to search a voluminous record without guidance from an appellant to determine whether an assertion of reversible error is valid. *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 803 (Tex.App.–Amarillo 1999, no pet.); *Granada Biosciences*, *Inc. v. Barrett*, 958 S.W.2d 215, 222 (Tex.App.–Amarillo 1997, pet. denied). *See also Saldana v. Garcia*, 155 Tex. 242, 285 S.W.2d 197, 200-01 (1956) (holding it was not the duty of the Court of Civil Appeals to make an independent search of the statement of facts, which consisted of 510 pages and many exhibits, including account books and other records, to find evidence in support of a theory). David's issue presents nothing for review.

Assuming, *arguendo*, that David had preserved his complaint, a trial court is required to order a division of the marital estate that it deems "just and right" having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001 (Vernon 2006). This provision does not obligate the court to divide the property equally. *In re Marriage of Scott*, 117 S.W.3d 580, 584 (Tex.App.–Amarillo 2003, no pet.). Additionally, the trial court has broad discretion as to the division of marital property and, absent a clear abuse of that discretion, an appellate court will not disturb a lower court's judgment. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *In re Marriage of Morris*, 123 S.W.3d 864, 867 (Tex.App.–Texarkana 2003, no pet.). On appeal it is presumed that the trial court properly exercised that discretion, thereby obligating the appellant to show from the record that the division was so disproportionate as to constitute an abuse of discretion. *Id*. at 867-68. The mere fact that the Final Decree of Divorce does not mathematically correspond with the trial court's Findings of Fact and Conclusions of Law does not establish an abuse of discretion.

**Conclusion**

Consequently, Appellant's sole issue is overruled and the trial court's Final Decree of Divorce is affirmed.

Patrick A. Pirtle
Justice
