NO. 07-06-0484-CV
Â 
IN THE COURT OF APPEALS
Â 
FOR THE SEVENTH DISTRICT OF TEXAS
Â 
AT AMARILLO
Â 
PANEL C
Â 
DECEMBER 11, 2007
Â 
______________________________
Â 
Â 
IN THE MATTER OF THE MARRIAGE OF
Â 
DAVID HAGSTROM AND KAREN HAGSTROM
Â 
_________________________________
Â 
FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;
Â 
NO. 2005-529,358; HONORABLE PAULA LANEHART, JUDGE
Â 
_______________________________
Â 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Appellant, David Hagstrom, and Appellee, Karen Hagstrom, were married on May
9, 1998, and ceased to live together as husband and wife in February 2005. No children
were born of the marriage. David filed for divorce and Karen counter-petitioned for divorce. 
After a two-day trial to the bench, the trial court entered a Final Decree of Divorce and
ordered division of the marital estate. Upon Davidâs request, the trial court entered Findings
of Fact and Conclusions of Law. By a sole issue, David contends the evidence does not
support the trial courtâs award of $74,965 to Karen, an award of an encumbrance in favor
of Karen for $74,930 against property awarded to him, and an award to Karen of $48,469
as reimbursement. He contends that awards contained in the Final Decree of Divorce do
not correspond with the trial courtâs Findings of Fact and Conclusions of Law.
Â Â Â Â Â Â Â Â Â Â Â Karen responds that David has failed to preserve his issue for appellate review by
failing to include citations to the reporterâs record in support of his complaint. See Tex. R.
App. P. 38.1(h). We agree. Davidâs only record references in his brief are to the clerkâs
record, mainly the Decree of Divorce and the trial courtâs Findings of Fact and Conclusions
of Law. 
Â Â Â Â Â Â Â Â Â Â Â The reporterâs record consists of 248 pages of testimony and 336 pages of exhibits. 
An appellate court is not required to search a voluminous record without guidance from an
appellant to determine whether an assertion of reversible error is valid. Labrador Oil Co.
v. Norton Drilling Co., 1 S.W.3d 795, 803 (Tex.App.âAmarillo 1999, no pet.); Granada
Biosciences, Inc. v. Barrett, 958 S.W.2d 215, 222 (Tex.App.âAmarillo 1997, pet. denied). 
See also Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197, 200-01 (1956) (holding it was
not the duty of the Court of Civil Appeals to make an independent search of the statement
of facts, which consisted of 510 pages and many exhibits, including account books and
other records, to find evidence in support of a theory). Davidâs issue presents nothing for
review.
Â Â Â Â Â Â Â Â Â Â Â Assuming, arguendo, that David had preserved his complaint, a trial court is required
to order a division of the marital estate that it deems âjust and rightâ having due regard for
the rights of each party. Tex. Fam. Code Ann. Â§ 7.001 (Vernon 2006). This provision does
not obligate the court to divide the property equally. In re Marriage of Scott, 117 S.W.3d
580, 584 (Tex.App.âAmarillo 2003, no pet.). Additionally, the trial court has broad discretion
as to the division of marital property and, absent a clear abuse of that discretion, an
appellate court will not disturb a lower courtâs judgment. Murff v. Murff, 615 S.W.2d 696,
698 (Tex. 1981); In re Marriage of Morris, 123 S.W.3d 864, 867 (Tex.App.âTexarkana 2003,
no pet.). On appeal it is presumed that the trial court properly exercised that discretion,
thereby obligating the appellant to show from the record that the division was so
disproportionate as to constitute an abuse of discretion. Id. at 867-68. The mere fact that
the Final Decree of Divorce does not mathematically correspond with the trial courtâs
Findings of Fact and Conclusions of Law does not establish an abuse of discretion.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Conclusion
Â Â Â Â Â Â Â Â Â Â Â Consequently, Appellantâs sole issue is overruled and the trial courtâs Final Decree
of Divorce is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Â 



ception Locked="false" Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
 07-09-0232-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
C

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MARCH
31, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ELIÂ 
CASTRO, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 108TH DISTRICT
COURT OF POTTER COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 57,898-E; HON.
DOUGLAS WOODBURN, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Memorandum
Opinion

_______________________________

Â 

Before
QUINN, C.J., and HANCOCK, and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Appellant, Eli Castro, appeals his
conviction for possessing a controlled substance with the intent to
deliver.Â  His two issues encompass the
legal and factual sufficiency of the evidence.Â 
We affirm.

Background

Â Â Â Â Â Â Â Â Â Â Â  Officer Callahan with the Amarillo
Police Department testified that he had received a tip from a confidential
informant regarding someone who would have approximately three-quarters of an
ounce of methamphetamine on him.Â  The
person at issue was appellant, and the officer was told by the informant that appellant
would be in a particular area driving a blue Â2001 Mercury Grand Marquis.ÂÂ  The information was relayed to Officer Lavery, who proceeded to the location and found the vehicle
parked by a curb.Â  Lavery
watched as appellant, who was alone, began to drive away in it.Â  As he did so, appellant committed two traffic
violations.Â  This resulted in Officer Lavery initiating a traffic stop.Â  

Â Â Â Â Â Â Â Â Â Â Â  Lavery
discovered that appellantÂs driverÂs license had expired.Â  Furthermore, the address on it was
incorrect.Â  Eventually, appellant
consented to the search of the vehicle.Â 
By that time, another officer had arrived at the scene and participated
in the search.Â  Under the driverÂs seat
was found a Âgreen coin purseÂ containing a metal spoon, a set of digital
scales, Âtwo plastic baggies of methamphetamine, one baggy of marijuana, [and] several
other plastic baggies.ÂÂ  According to
various testifying officers, the plastic bags were of a type Âcommonly used to
package narcoticsÂ and the amount of methamphetamine found (16.96 grams)
indicated a Âdealer amountÂ as opposed to a quantum for personal use.Â  

Â Â Â Â Â Â Â Â Â Â Â  During trial, the defense called appellantÂs
mother to testify.Â  She stated that the
vehicle and coin purse were hers, that the purse did not contain scales,
baggies, or drugs in it the last time she used it, and that other people (in
addition to appellant) had permission to use the car.Â  

Issues One and Two Â Sufficiency of the
Evidence

Â Â Â Â Â Â Â Â Â Â Â  Appellant contends that the evidence
is both legally and factually insufficient to support his conviction.
Purportedly, the State failed to prove that he knowingly possessed or exercised
control over the methamphetamine.Â  We
overrule the issues.

The
standards by which we review the sufficiency of the evidence are well established.Â  We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979) and Watson v.
State, 204 S.W.3d 404 (Tex.Crim.App. 2006) for
their explanation.Â  Next, to convict
appellant of possessing methamphetamine with intent to deliver, the State had
to prove that 1) appellant, 2) intentionally and knowingly, 3) possessed, 4)
methamphetamine of four grams or more but less than 200 grams, and 5) with the
intent to deliver.Â  Â Tex.
Health & Safety Code Ann. Â§
481.112(a) & (d) (Vernon Supp. 2009). Â Â Irrespective of whether the evidence being
proffered to establish these elements was direct or circumstantial, it had to
illustrate, "to the requisite level of confidence, that [appellantÂs] . . .
connection with the drug was more than just fortuitous."Â  Brown v. State, 911 S.W.2d 744, 747 (Tex Crim. App. 1995).Â Â  Furthermore, his mere presence at the site
where drugs were found, without more, is insufficient to establish actual care,
custody, or control of the contraband.Â  See Martin v. State, 753
S.W.2d 384, 387 (Tex. Crim. App. 1988). 

In
addressing this topic, the courts have developed numerous factors deemed useful
in determining whether the accused's link to the
contraband was more than mere fortuity.Â  Though
not exclusive, they nevertheless include such things as whether 1) the accused
was present when the search was conducted, 2) the contraband was plainly
visible by those present, 3) the drugs were near the defendant, 4) the
defendant was under the influence of the substance found, 5) the defendant
possessed other contraband or drug paraphernalia when arrested, 6) the
defendant made any incriminating statements, 7) the defendant attempted to
flee, 8) the defendant made furtive gestures, 9) the contraband emitted a
recognizable odor at the time, 10) other contraband or drug paraphernalia was
present, 11) the defendant had the right to exclusive or joint possession of
the locale at which the drugs were found, 12) the place where the drugs were
found was enclosed, 13) the accused attempted to conceal the contraband, and
14) the accused was familiar with the type of contraband.Â  Kyte v. State, 944 S.W.2d 29, 31 (Tex. App.ÂTexarkana 1997, no pet.);
Hurtado v. State, 881 S.W.2d 738, 743 n.1 (Tex.
App.ÂHouston [1st
Dist.] 1994, pet. ref'd).Â  Furthermore, the number of factors
established is not as important as the degree to which they tend to
affirmatively link the defendant to the contraband.Â  Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.ÂTyler 1995, pet. ref'd).Â  In
other words, if evidence satisfying less than all the aforementioned indicia is
produced, conviction may still be permitted if the evidence establishes, beyond
reasonable doubt, appellant's knowing link to the drugs.

In the case at bar, the jury was told of 1) a tip from a confidential
informant, 2) the informant disclosing that appellant would be possessing the
methamphetamine in question, 3) the informant knowing this because he was
engaged in Âsome sort of transaction with appellant,Â 4) the informant directing
the police to a particular area and car in which appellant could be found, 5)
appellant being discovered in the area and car described, 6) no one else being
in the vehicle, 7) the drugs and drug paraphernalia being found under the seat
on which appellant sat, and 8) the coincidence between the quantum of
methamphetamine described by the informant and the amount found under
appellant.Â  This data constituted some
evidence from which a rational jury could conclude, beyond reasonable doubt,
that appellant intentionally and knowingly exercised control over the narcotics
and paraphernalia.Â  

That appellantÂs mother owned the car,
gave several people permission to use it, and owned the coin purse
are circumstances that the jury could have weighed in making its decision.Â  However, they do not negate the substance of
the informantÂs information or its accuracy.Â 
Nor do they suggest that someone other than appellant had placed the
drugs in the purse or car or that appellant did not possess the drugs.Â  Indeed, appellantÂs mother denied having
those items in the purse when she last used it.Â 
So, we cannot say, given the entire record, that the verdict was either clearly
erroneous or manifestly unjust.Â  

Concluding that the evidence was and is both
legally and factually sufficient to support the verdict, we affirm the judgment
of the trial court.

Â 

Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Do
not publish.

Â Â Â Â Â Â Â Â Â Â Â  

Â