**Truman P. HALE, Appellant,**

v.

**W. R. RAMSEY, d/b/a Pete Ramsey Electric Company, Appellee.**

No. 12247.

Court of Civil Appeals of Texas, Austin.

May 28, 1975.

William Dickson, Dickson & Associates, Inc., Houston, for appellant.

James V. Hammett, Jr., Hammett, Cavness & Builta, Lampasas, for appellee.

SHANNON, Justice.

Appellant, Truman P. Hale, appeals from a take-nothing judgment entered by the district court of Lampasas County in response to a jury verdict. Appellee is W. R. Ramsey, doing business as Pete Ramsey Electric Company. We will affirm the judgment.

In his trial petition appellant alleged that on April 10, 1969, he was employed by appellee. At that time he was injured on the job as the result of a fall from a ladder. Appellant pleaded that appellee was subject to the Texas Workmen's Compensation Law, Vernon's Tex.Rev.Civ.Stat.Ann. Art. 8306, because appellee had three or more employees. Because appellee did not have a policy of workmen's compensation insurance in force at the time of the accident, appellant sued appellee for common law damages. As basis for suit appellant pleaded that appellee (1) failed to provide a safe place for appellant to work; (2) instructed appellant to perform work in the scope of his employment under conditions which were unsafe; (3) failed to provide assistance by another employee or employees to hold and "steady" the ladder for appellant; and (4) failed to provide materials and equipment which were safe and adequate for appellant to perform the work.

Appellant's case was submitted to the jury by twelve special issues. The jury answered affirmatively that appellee failed to provide assistance by other employees to hold and "steady" the ladder for appellant, but failed to find that such omission was negligence. Upon the basis of the jury's verdict, judgment was entered that appellant take nothing.

Appellant assails the judgment by eleven points of error. An analysis of those points shows that five are concerned with the admission of evidence, two with jury misconduct, and one with improper jury argument. The sixth point of error is that the court erred ". . . in denying Appellant's Motion for Judgment Non Obstante Verdicto [sic] in failing to disregard findings on certain Special Issues as filed by the Jury on May 15, 1974." The ninth point claims the ". . . damages awarded by the findings of the Jury in answer to the Special Issues in damages are inadequate in that the Appellant is entitled to compensatory damages, and that such damages, as awarded were inadequate in amount, that the overwhelming weight and preponderance of the evidence shows that the Appellant should be entitled to a greater amount than that which the Jury found in answer to Special Issue No. 20." Finally, the tenth point is that the jury's failure to find that it was negligent not to provide assistance by another employee to hold and steady the ladder was ". . . so against the overwhelming weight or preponderance of the evidence that it ought not to stand . . ."

By his first cross-point appellee urges that the judgment should be affirmed for the reason that appellant has waived all points of error. In support of that argument appellee correctly states that under appellant's points of error there are no factual statements, no record references, and no statement of the testimony claimed by appellant to have been improperly admitted. And, in addition, no authority for any proposition has been listed.

Prior to the time for filing appellant's brief, counsel obtained from this Court an extension of time for the filing of his

brief. In the motion for extension counsel characterized the appeal as one involving disputed issues requiring "intensive study and careful briefing." Discovering, perhaps, that much study is a weariness of the flesh,[1] counsel merely copied the motion for new trial as the brief for filing in this Court with minor changes such as substituting the term, "appellant," for "plaintiff" and the term, "appellee," for "defendant." Not only was there no additional "careful" briefing done, there was no briefing at all.

Texas Rules of Civil Procedure, rule 418(c) requires, in part, that the brief of the argument contain a fair, condensed statement of the facts pertinent to such points with references to the pages in the record where the same may be found and such discussion of the facts and authorities relied upon as may be necessary to maintain the point. That rule provides further that if complaint is made of the improper admission or rejection of evidence, the full substance of such evidence so admitted or rejected shall be set out with reference to the pages of the record where the same may be found.

One of the main purposes of Rule 418 is to require counsel to put before the appellate court in the brief at least the substance of the point relied upon for reversal and to relieve the appellate court from having to piece together a point for the appellant from an examination of the transcript and statement of facts. Isenhower v. Bell, 365 S.W.2d 354 (Tex.1963). Rule 418(c) makes plain the duty of counsel to support the points of error with a fair and condensed statement of facts pertinent thereto ". . . *with references to the pages in the record where the same may be found . . .*" (Emphasis added) That rule requires further that if complaint is made of the improper admission or rejection of evidence, the full substance of such evidence so admitted or rejected *shall* be set out with reference to the pages of the record where the same may be found. It is not the obligation of the appellate court to search out the statement of facts, in this instance three hundred and nineteen pages, to discover the facts which might support appellant's points of error. Saldana v. Garcia, 155 Tex. 242, 285 S.W.2d 197 (1955), Blackmon & Assoc., Inc. v. Palmer Bldg. Sup. & Spec., Inc., 463 S.W.2d 228 (Tex.Civ.App. 1971, writ ref'd n. r. e.). Equally well settled is the rule that the points of error are required to be supported by argument and authorities, Tex.R.Civ.P. Rule 418(c), and if not so supported, the points are waived. Rayburn v. Giles, 182 S.W.2d 9 (Tex.Civ. App.1944, writ ref'd), Hoover v. Barker, 507 S.W.2d 299 (Tex.Civ.App.1974, writ ref'd n. r. e.).

The judgment is affirmed.

O'QUINN, J., not participating.

---

1. Ecclesiastes
   "Of making many books there is no end; and much study is a weariness of the flesh."
   12:12