MOST WORSHIPFUL PRINCE HALL GRAND LODGE, FREE and ACCEPTED MASONS of TEXAS and JURISDICTION, Reuben G. White, Individually, and Lawrence L. Anderson, Individually, Appellants,

v.

Sam JACKSON, Howard Roberson, and Aaron Armstrong, Individually, and as Trustees of Evergreen Lodge No. 171, Free and Accepted Masons of Texas and Jurisdiction, et al., Appellees.

No. 05–86–00536–CV.

Court of Appeals of Texas, Dallas.

June 5, 1987.

Rehearing Denied July 6, 1987.

E. Brice Cunningham, Dallas, for appellants.

Thomas A. Melody, J. Dan Connelly, Dallas, for appellees.

**WHITHAM, Justice.**

Appellant, The Most Worshipful Prince Hall Grand Lodge, Free and Accepted Masons of Texas and Jurisdiction, appeals from a judgment notwithstanding the verdict in favor of appellees, Sam Jackson, Howard Roberson and Aaron Armstrong, individually, and as trustees of Evergreen Lodge No. 171, Free and Accepted Masons of Texas and Jurisdiction. In its first five points of error, the Grand Lodge contends that the trial court erred (1) in disregarding the jury's answer to special issue number one, (2) in rendering judgment notwithstanding the verdict in favor of Evergreen and (3) in denying the Grand Lodge's motion for judgment on the verdict. We agree. Consequently, we reverse the trial court's judgment and render a take-nothing judgment in favor of the Grand Lodge.

The dispute centers on whether the Grand Lodge or Evergreen is entitled to the proceeds of the sale of real property to which Evergreen held record title. It is undisputed that Evergreen was a local lodge of the Grand Lodge and that the real property in question was subject to the following provision of the Grand Lodge's constitution:

> All property, both real and personal, of every kind or nature, wheresoever situated, acquired by any Local Lodge, shall be deemed as held in trust by such Local Lodge for the use and benefit of the Grand Lodge and shall not be alienated, sold, transferred, exchange [sic] or mortgaged, by the Local Lodge without the consent of the Grand Lodge first being obtained in writing, and *upon demise*, or dissolution *of a Local Lodge* the absolute *title to* all such *property of a Local Lodge shall pass to and vest in fee simple in the Grand Lodge.* If a Local Lodge desires to dispose of its Real Estate for the purpose of acquiring other Lodge property, the Grand Lodge will not unreasonably withhold its consent to such sale.

(Emphasis added).

The present case was brought on behalf of Evergreen by Sam Jackson, Howard Roberson and Aaron Armstrong, individually,

and as *trustees* of Evergreen to recover the proceeds of the sale of the property. The Grand Lodge obtained the proceeds of the sale in this manner. At the closing of the sale of the property, the title company delivered its check for the proceeds of the sale payable to "Most Worshipful Prince Hall Grand Lodge of Texas and Jurisdiction and Evergreen Lodge No. 171, Free and Accepted Masons." Jackson, Roberson and Armstrong were present at the closing. It is undisputed that, upon delivery to them of the title company check, Jackson, Roberson and Armstrong immediately endorsed the check over to the Grand Lodge without protest or equivocation and placed it in the hands of the representative of the Grand Lodge also in attendance at the closing. We quote the endorsement on the check of the *trustees* of Evergreen:

> Pay to the order of Most Worshipful Prince Hall Grand Lodge of Texas by Trustees
> (s) Sam Jackson
> (s) Aaron Armstrong
> (s) Howard Roberson

(Emphasis added). It is undisputed that the Grand Lodge deposited the proceeds of the check in its bank account.

The issues before us focus on the allegations in Evergreen's trial pleadings. Evergreen insists that it alleged four separate grounds for recovery of the proceeds of the sale; to wit: (1) fraud or misrepresentation, (2) unjust enrichment, (3) constructive trust and (4) unconscionable action. Although Evergreen asserts that the four alleged matters are separate causes of action, we entertain doubt that three of the four—unjust enrichment, constructive trust and unconscionable action—constitute causes of action in the sense asserted by Evergreen. Instead, those phrases appear to be descriptive words or equitable remedies. In general, unconscionability is a term used to describe a contract which is unfair because of its overall gross one-sidedness or the gross one-sidedness of one of its terms. *Currey v. Lone Star Steel Co.,* 676 S.W.2d 205, 213 (Tex.App.—Fort Worth 1984, no writ). A constructive trust is not in reality a trust, but an equitable remedy imposed by law to prevent unjust enrichment resulting from an unconscionable act. *Ellisor v. Ellisor,* 630 S.W.2d 746, 748 (Tex.App.—Houston [1st Dist.] 1982, no writ). Nevertheless, for the purposes of this opinion, we assume, but do not decide, that unjust enrichment, constructive trust and unconscionable action constitute allegations of separate grounds for recovery of the proceeds of the sale. For purposes of this opinion we further assume, but do not decide, that Evergreen's trial pleadings allege unjust enrichment, constructive trust and unconscionable action in addition to fraud or misrepresentation.

Evergreen concedes that only one of these four grounds—fraud or misrepresentation—was submitted to the jury. Evergreen concedes that it made no objection to the court's charge and that it requested no other special issues. Thus, the jury was asked in special issue number one:

> Did the authorized representatives of the Grand Lodge knowingly misrepresent to the trustees of Evergreen Lodge that Evergreen Lodge would receive the proceeds from the sale of the property in question?

The jury answered "no." The remaining three issues were conditioned upon a "yes" to special issue number one and were not answered. Evergreen, however, argues that the trial court's judgment could have been granted on the basis that the Grand Lodge was unjustly enriched, that the Grand Lodge held the proceeds in constructive trust or that retention of the funds was unconscionable. Hence, Evergreen would have us uphold the trial court's judgment on the basis that the judgment could have been based upon one of the three remaining independent grounds of recovery alleged by Evergreen and that the failure of the Grand Lodge to assign error as to each of the three constitutes a waiver of the right to complain of the ruling to which no error was assigned.

■ We begin by pointing out that at no time did Evergreen move for a directed verdict asserting that it was entitled to judgment based on any of the four causes of action. Moreover, we conclude that Ev-

ergreen misplaces the matter of waiver. We reason that Evergreen waived reliance upon its three remaining grounds of recovery. We do so for two reasons. The first is based upon our reading of Evergreen's motion for judgment notwithstanding the verdict and to disregard the findings of the jury. We quote the motion absent formal parts and prayer. In reading the motion, know that "Lawrence L. Anderson" is a person Evergreen asserts to be an "authorized representative of the Grand Lodge" in connection with special issue number one's inquiry.

### 1.

That as a matter of law the response of Lawrence L. Anderson was for the Plaintiffs. Defendant Anderson, District Deputy of the Grand Master of the Grand Lodge, was asked the following question in regard to the meeting of September 14, 1983, at Sam Jackson's home before the Trustees and others assembled and prior to the conveyance of the subject property on September 16, 1983:

Question: "What will happen to the money from the sale?"

Anderson: "If Evergreen is square and legal Evergreen will get the money."

The evidence showed in the official reports that on the conveyance date of September 16, 1983, Evergreen was in existence (being legal) with nine members (being square) and met the representations of Lawrence Anderson.

### 2.

That as a matter of law the response of Lawrence L. Anderson was for the Plaintiffs. Defendant Anderson was asked:

Question: "What did Evergreen receive for their conveyance and transfer of title to the land?"

Anderson: "Nothing."

### 3.

That as a matter of law the responses of Lawrence L. Anderson were not disputed and not rebutted.

### 4.

That as a matter of law under Texas Rules of Civil Procedure/Texas Rules of Court, Rule 301,

... that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper; and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence....

The reader will note the absence of any reference in the motion to (1) unjust enrichment, (2) constructive trust or (3) unconscionable retention of funds. Indeed, the motion focused upon but one ground of recovery—fraud or misrepresentation. That focus exhibits itself in the motion by the two answers relied upon from Anderson's testimony:

Question: "What will happen to the money from the sale?"

Anderson: "If Evergreen is square and legal Evergreen will get the money."

Question: "What did Evergreen receive for their conveyance and transfer of title to the land?"

Anderson: "Nothing."

Therefore, by emphasis on the first question, Evergreen points to the representation as established as a matter of law. By emphasis on the second question, Evergreen points to a false representation as a matter of law. Consequently, we conclude that Evergreen asked the trial court to disregard the jury's answer to special issue number one and render judgment for it on the basis that it had shown fraud or misrepresentation as a matter of law.

Nevertheless, Evergreen maintains that it can recover on grounds not advanced by Evergreen in its motion. We cannot agree that Evergreen, in its motion to disregard and for judgment notwithstanding the verdict, can ignore its now asserted separate grounds of recovery and thereby force the Grand Lodge to speculate upon all of the possible grounds of recovery that might support a judgment and assign error on appeal as to each speculated ground. We

conclude that, if Evergreen considered that it was entitled to judgment as a matter of law under its separate grounds of recovery of unjust enrichment, constructive trust and unconscionable retention of funds, then it should have told the trial court so in its motion to disregard and for judgment notwithstanding the verdict. Only then was the Grand Lodge required to assign error or else waive the right to complain of the ruling to which no error was assigned. We cannot agree that the Grand Lodge must present its appeal based on the allegations in Evergreen's trial pleadings instead of on Evergreen's motion to disregard and for judgment notwithstanding the verdict. For all we know on this record, Evergreen abandoned the three separate grounds of recovery not brought forward in its motion to disregard and for judgment notwithstanding the verdict. Therefore, we conclude that Evergreen—not the Grand Lodge—waived the matters in this appeal relied upon by Evergreen in support of the trial court's judgment; to wit: reliance upon unjust enrichment, constructive trust and unconscionable retention of funds.

We turn now to the second reason Evergreen waived reliance upon its alleged three remaining grounds of recovery. We find this further waiver in Evergreen's failure to comply with the provisions of rule 324(c) of the Texas Rules of Civil Procedure:

> When judgment is rendered non obstante veredicto or notwithstanding the findings of a jury on one or more special issues, the appellee may bring forward by cross-point contained in his brief filed in the Court of Appeals any ground which would have vitiated the verdict or would have prevented an affirmance of the judgment had one been rendered by the trial court in harmony with the verdict. . . .
>
> \*     \*     \*     \*     \*     \*
>
> The failure to bring forward by cross-points such grounds as would vitiate the verdict shall be deemed a waiver thereof. . . .

TEX.R.CIV.P. 324(c). Evergreen's brief in this court contains no cross-points assign-ing unjust enrichment, constructive trust or unconscionable retention of funds as a ground which would have vitiated the jury's verdict or prevented an affirmance of a judgment rendered on the verdict. Therefore, on appeal Evergreen waived reliance upon (1) unjust enrichment, (2) constructive trust and (3) unconscionable retention of funds; and Evergreen cannot be heard to argue that the trial court's judgment could have been granted on the basis that the Grand Lodge was unjustly enriched, that the Grand Lodge held the proceeds in constructive trust or that retention of the funds was unconscionable.

Indeed, we conclude that rule 324(c) is designed to prevent what Evergreen attempts. Evergreen would force the Grand Lodge to speculate upon all of the possible grounds of recovery that might support a judgment in favor of Evergreen and assign error by appeal as to each speculated ground. To the contrary, rule 324(c) requires that Evergreen bring forward by cross-point any ground that might support a judgment in favor of Evergreen. Thus, rule 324(c) affords the means by which specifics are identified and addressed and speculation avoided. Moreover, by requiring cross-points assigning grounds, application of the rule affords the other party notice and the opportunity to respond. In this way, the issues are joined in an organized manner. Normally, when a trial court has entered judgment notwithstanding the verdict, and an appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with the verdict, *unless the appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967).

■ Furthermore, we conclude that we cannot give Evergreen's brief a liberal construction and consider Evergreen's counter-points as cross-points under rule 324(c). *See Fidelity & Casualty Co. v. Central Bank,* 672 S.W.2d 641, 646 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.).

We reach this conclusion because Evergreen fails to cite to the record in its brief to any evidence supporting its right to recover upon unjust enrichment, constructive trust and unconscionable retention of funds. Rule 74(f) provides:

> A brief of the argument shall present separately or grouped the points relied upon for reversal. The argument shall include: (1) *a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found;* and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue.

TEX.R.APP.P. 74(f) (emphasis added). In interpreting similar language in earlier rules of civil procedure, the courts have been specific as to the duty of the appellate courts to make an independent search of the statement of facts. It is not the duty of the court of appeals to make an independent search of the statement of facts. *Saldana v. Garcia*, 155 Tex. 242, 248, 285 S.W.2d 197, 201 (1955). This court is not required to search the record for evidence supporting a litigant's position under particular points of error, and in this case we refuse to so search. *See Widmer v. Stamps*, 663 S.W.2d 875, 880 (Tex.App.—Houston [14th Dist.] 1983, no writ). Because Evergreen's statement of facts is not referenced to pages in the record concerning unjust enrichment, constructive trust and unconscionable retention of funds, this court has no duty to independently search the statement of facts in an attempt to determine if the grounds of recovery have merit. *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 614 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). The burden is on the litigant to show that the record supports its contentions and to point out the place in the record where matters complained of, or upon which the litigant relies, are shown. *See Vapor Corp. v. Welker*, 582 S.W.2d 858, 860 (Tex.Civ.App.—Beaumont 1979, no writ). "Rule 418(c) [a predecessor to current rule 74] makes plain the duty of counsel to support the points of error with a fair and condensed statement of facts pertinent thereto '... with references to the pages in the record where the same may be found....' " *Hale v. Ramsey*, 524 S.W.2d 436, 438 (Tex.Civ.App.—Austin 1975, no writ) (emphasis in original). It is not the obligation of the appellate court to search out the statement of facts to discover the facts which might support a litigant's points of error. *See Hale*, 524 S.W.2d at 438. We conclude, therefore, that in the present case the references to certain grounds of recovery are not supported by proper references to the record where evidence as to the grounds may be found. *See Kropp v. Prather*, 526 S.W.2d 283, 288 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). The burden is on the litigant to show that the record supports its contentions and to point out the place in the record where the matters complained of are shown. *See Kropp*, 526 S.W.2d at 288. In the present case, as in *Kropp*, we do not believe that the rules require us to read through the entire record to determine whether Evergreen's allegations have any validity. *Kropp*, 526 S.W.2d at 288. We conclude, therefore, that Evergreen has failed to meet its burden. *See Kropp*, 526 S.W.2d at 288. In concluding that we cannot give Evergreen's brief a liberal construction and consider Evergreen's counterpoints as cross-points, we point out that we are not holding that Evergreen waived its counterpoints by failing to comply with the briefing requirements of rule 74. *See Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300 (Tex.1987). Furthermore, we point out that we are not reversing a trial court judgment for defects or irregularities in appellate procedure. See *Inpetco*, 729 S.W.2d at 300; TEX R.APP.P. 83. Therefore, we conclude that the Supreme Court's holding in *Inpetco* is inapplicable to the present case.

Having concluded that Evergreen waived reliance upon unjust enrichment, constructive trust and unconscionable retention of funds, we consider next whether judgment should be rendered in the Grand Lodge's favor on Evergreen's separate ground of recovery for fraud and misrepresentation. Whenever jury findings are favorable to a

party, judgment should be rendered in the party's favor unless the trial court was justified in rendering judgment notwithstanding the verdict. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 931 (Tex.1983). To sustain the action of the trial court in granting a motion for judgment notwithstanding the verdict, it must be determined that there is no evidence upon which the jury could have made the findings relied upon. In acting on the motion, all testimony must be viewed in a light most favorable to the party against whom the motion is sought, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Trenholm,* 646 S.W.2d at 931. Before a judgment notwithstanding the verdict is proper, there must be no evidence of probative force upon which the jury could have made the findings relied upon. *Berlow v. Sheraton Dallas Corp.,* 629 S.W.2d 818, 821 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). In the present case, the jury's finding that no authorized representative of the Grand Lodge knowingly misrepresented to Evergreen that it would receive the proceeds of the sale was favorable to the Grand Lodge. Thus, we must determine if there is any evidence of probative value to support the jury's finding.

From our reading of the record, we are persuaded that there is evidence of probative value to support the jury's finding. Indeed, there is evidence of probative value to support a finding that Anderson was not "the authorized [representative] of the Grand Lodge." Furthermore, there is evidence of probative value that Anderson did not "knowingly misrepresent to [Evergreen] that [Evergreen] would receive the proceeds from the sale of the property." Rather than extend this opinion unnecessarily, we will identify a small part of the probative evidence from which the jury could infer that no misrepresentation was made. In doing so, we draw upon the first of the two Anderson answers referred to by Evergreen in its motion to disregard and for judgment notwithstanding the verdict. Although the evidence is conflicting, for the purposes of this opinion, we assume, but do not decide, that Anderson was

the authorized representative of the Grand Lodge. The record reflects the following:

Q. Okay, And what did you tell them about where the money would go?

[Anderson]: I told them if they had a square and constituted lodge, that the money would go to Evergreen 171.

Anderson, however, followed this answer by his next answer, stating what would happen to the proceeds from the sale of the property if Evergreen did not have a "square and constituted lodge":

Q. And if they did not have a square and constituted lodge, where would the money go?

[Anderson]: The money would go to the Grand Lodge.

Thus, the jury heard that the money might go to Evergreen or to the Grand Lodge depending on whether Evergreen had a "square and constituted lodge." Hence, we reach the inquiry as to what evidence was before the jury concerning whether Evergreen had a "square and constituted lodge." We point to but one facet of the evidence from which the jury could infer that Evergreen did not have a "square and constituted lodge." We refer to the fact that at closing Evergreen endorsed the check in payment for the property over to the Grand Lodge. Thus, the jury knew that the three trustees of Evergreen who bring this action on behalf of Evergreen voluntarily surrendered the proceeds of the sale of the property to the Grand Lodge immediately upon receipt of the funds.

We conclude that this surrender of the funds was evidence from which the jury could infer that Evergreen admitted that it did not have a "square and constituted lodge" and that the money indeed should "go to the Grand Lodge," to quote Anderson. Therefore, we conclude further that the record contains evidence of probative value to support the jury's finding that the authorized representative of the Grand Lodge *did not* knowingly represent to the trustees of Evergreen that Evergreen would receive the proceeds from the sale of the property. Consequently, the trial court should have granted the Grand Lodge's

motion for judgment on the verdict and rendered judgment that Evergreen take nothing against the Grand Lodge. Therefore, we conclude that the trial court erred in rendering judgment notwithstanding the jury's finding to special issue number one.

We sustain the Grand Lodge's first five points of error, reverse the trial court's judgment and render judgment in favor of the Grand Lodge that the Evergreen parties take nothing. All costs in the trial court and in this court are taxed against Evergreen.

STEPHENS, STEWART, McCLUNG, McCRAW and THOMAS, JJ., join in the majority opinion.

HECHT, J., files a concurring opinion in which ENOCH, C.J., and HOWELL and ROWE, JJ., join.

BAKER, J., files a dissenting opinion in which DEVANY and LAGARDE, JJ., join.

HECHT, Justice, concurring.

I agree with the majority that Evergreen did not move for judgment non obstante veredicto on any claims for unjust enrichment, constructive trust or unconscionability. I also agree that Evergreen cannot obtain judgment n.o.v. on grounds not specifically set out in its motion. And I agree that Evergreen is not entitled to judgment n.o.v. on its fraud claim, the only basis set out in its motion. Consequently, I concur in the result reached by the majority and in much of their reasoning.

I write separately for two reasons. First, I would fortify the majority's conclusion that judgment n.o.v. cannot be rendered on grounds not raised by motion with some additional authority I regard as persuasive. Second, I do not agree Evergreen has waived its arguments on appeal or failed to comply with rule 324(c), Texas Rules of Civil Procedure.

First, rule 301, Texas Rules of Civil Procedure, authorizes rendition of a judgment n.o.v. only upon motion and reasonable notice, and only if a directed verdict would have been proper:

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity. Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper....

See *Dittberner v. Bell*, 558 S.W.2d 527, 531–532 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.) (motion based solely on argument that plaintiff waived claim by failing to submit all issues to jury is not motion for judgment n.o.v., even though denominated as such, because it does not argue the only grounds for judgment n.o.v., viz, that evidence does not support the verdict). Generally, a motion for directed verdict must state the specific grounds upon which it is based. Rule 268, Texas Rules of Civil Procedure. "The object of requiring the grounds to be stated is to inform the opponent and the trial judge of the movant's contentions and to limit him, as far as possible, to such contentions." 3 R. McDonald, Texas Civil Practice § 11.30, at 217 (1983). For the same reasons, a motion for judgment n.o.v. should specifically state the grounds upon which it is made, as rule 301 implies.

Second, despite protestations to the contrary, the majority's conclusion that Evergreen has waived its arguments by failing to assign them as cross-points in violation of rule 324(c), Texas Rules of Civil Procedure, is the kind of procedural irregularity upon which reversal cannot be based. *See Inpetco, Inc. v. Texas American Bank*, 729 S.W.2d 300 (Tex.1987). Although the majority correctly insist that Evergreen cannot thrust upon us the duty to search the record for evidence to support its position, it has not attempted to do so. Evergreen's contentions are reasonably clear in its brief, clear enough for the majority to dispose of them on the merits. Holding that Evergreen has failed to preserve error in this court adds nothing, and for that reason alone I would avoid it.

ENOCH, C.J., and HOWELL and ROWE, JJ., join in this opinion.

BAKER, Justice, dissenting.

I find myself in disagreement with the majority in this case and respectfully dissent. The majority holds that Evergreen waived its reliance upon the other three grounds for recovery asserted in its pleadings against the appellants. The majority asserts waiver by Evergreen on the basis that Evergreen failed to present in its motion for judgment notwithstanding the verdict as alternate grounds for recovery upon unjust enrichment, constructive trust, and unconscionable retention of funds; and further holds that Evergreen waived its reliance on these grounds of recovery because of Evergreen's failure to comply with the provisions of TEX.R.CIV.P. 324(c) and TEX.R.APP.P. 74(f). The majority argues that under relevant authority the appellate court is not required to make an independent search of the record for evidence supporting a litigant's position under a particular point of error, and concludes that the rules do not require the court to read through the entire record to determine whether the allegations of the appellee have any validity; and hold that Evergreen's brief cannot be given a liberal construction and decline to consider Evergreen's counterpoints as cross-points. Although authority cited by the majority does support the proposition that an appellate court is not required to search the record and that there is no "duty" to search the record, such authority does not prohibit search in the interest of liberally construing the briefs of the parties to arrive at a just and equitable decision. Accordingly, my review of the record under this attitude reveals the following:

The sale of a one-acre tract of land and the disposition of its proceeds is the subject matter of the controversy between Prince Hall and Evergreen. The undisputed facts as revealed by a search of the record shows that Evergreen, through its trustees, in 1968 received title to a one-acre tract of land located in Carrollton, Dallas County, Texas. Evergreen continuously has held title to this one-acre tract of land in its name as a lodge and Prince Hall, at no time material to the controversy had any title to the property. The constitution of Prince Hall, to which Evergreen was subordinate, required any sale of the property to be approved by the Grand Master of Prince Hall. In August 1983, Evergreen entered into a contract of sale for the one-acre tract of land. On September 14, 1983, a meeting was held, the purpose of which was to elect three new trustees to represent Evergreen in the transfer of the property to the purchaser at closing. Lawrence Anderson, Deputy Director of the Prince Hall, was present at this meeting. Ruben White, the Grand Master of Prince Hall, testified that Lawrence Anderson was his district director by appointment, and represented him as Grand Master of Prince Hall when Anderson was sent to do something. Anderson was present at the meeting of the Evergreen members of the behest of White. During the course of this meeting Anderson told the membership of Evergreen present "if they had a square and constituted lodge, that the money would go to Evergreen 171." Thereafter, on September 16, 1983, the sale was closed. The three trustees elected by the Evergreen membership at the September 14 meeting were there at the closing together with Ruben White and Lawrence Anderson representing Prince Hall. At the closing, the check for the net sale proceeds, in the sum of $139,378.84 [the title company issuing the check made the same payable to "Most Worshipful Prince Hall Grand Lodge of Texas and Jurisdiction, and Evergreen Lodge No. 171, Free and Accepted Masons"] was endorsed by the three trustees of Evergreen to Prince Hall. Ruben White testified he took possession of this check, went to Fort Worth, and deposited same in the account of Prince Hall.

It is undisputed from the time the contract of sale was signed, and through the closing date of September 16, 1983, that Evergreen was a lodge whose charter had not been forfeited; and, in effect, was a functioning lodge within the rules, regulations and constitution of the fraternal organization. Thereafter, demand for return of the proceeds from the sale of the property was made on behalf of the Evergreen Lodge by its attorney. Prince Hall refused

and this litigation ensued. Evergreen sued for recovery of the funds and in its second amended petition alleged four separate grounds for recovery: (1) fraud or misrepresentation, (2) unjust enrichment, (3) constructive trust, and (4) unconscionable action.

At trial the court submitted four issues to the jury. Issue number one inquired, "Did the authorized representative of the Grand Lodge (Prince Hall) knowingly represent to the trustees of Evergreen Lodge that Evergreen Lodge would receive the proceeds from the sale of the property in question?" To this issue the jury answered, "No." The remaining three issues were conditioned upon a "Yes" answer to the first issue. Prince Hall thereafter moved for judgment on the verdict and Evergreen moved the court to disregard the jury's answer to said special issue and for judgment non obstante veredicto. The court granted Evergreen's motion and entered judgment in favor of Evergreen against Prince Hall.

On appeal, Prince Hall argued that it should have been awarded judgment for the funds in its possession based upon the jury's answer to special issue number one, and that it was error for the court to grant Evergreen's motion to disregard the jury's answer to that issue and for entry of judgment in Evergreen's favor non obstante veredicto. The majority holds that the record contains evidence of probative value to support the jury's finding that the authorized representative of the Grand Lodge did not knowingly represent to the trustees of Evergreen that Evergreen would receive the proceeds from the sale of the property. The majority concludes and so holds that the trial court should have granted Prince Hall's motion for judgment on the verdict and render judgment that Evergreen take nothing against the Grand Lodge. I respectfully disagree with the conclusion reached by the majority.

Evergreen, responding to the points of error raised by Prince Hall by arguing that as a matter of law any one of the four grounds for recovery had been established by the uncontroverted evidence and the court was within its authority and discretion to disregard the jury's answer to the special issue and to award judgment for the sale proceeds to Evergreen. Evergreen contends that where a judgment may rest on more than one ground, the party aggrieved must find error on each such ground, or the failure to do so will constitute a waiver of the right to complain of the ruling to which no error was assigned. In my opinion, the position taken by Evergreen is correct under the circumstances of this case.

The judgment in this case does not recite the grounds or the reasons that the same was granted for Evergreen. The judgment could have been granted by the court non obstante veredicto on a finding of the court as a matter of law that the evidence, undisputed, established that the representation of who would get the money was made, or could have been granted on the fact that the appellant, Prince Hall, was unjustly enriched by receiving the proceeds from the sale, or that the appellant, Prince Hall, held the same in constructive trust for the benefit of Evergreen, or that the retention of the funds by Prince Hall was unconscionable under the facts.

If an independent ground of recovery on which no issue was submitted or requested was *conclusively* established by the evidence and was *uncontroverted*, then such ground is not waived by the party asserting same, even though it was not submitted to the jury. *See First American Life Ins. Co. v. Slaughter*, 400 S.W.2d 590, 593 (Tex. Civ.App.—Houston 1966, writ ref'd n.r.e.). If a jury verdict, together with such findings as are required by the undisputed evidence, would not have supported a judgment for a party in the trial court, then the trial court's action in granting a judgment non obstante veredicto for the other party should be sustained on appeal. *Thermo Products v. Chilton I.S.D.*, 647 S.W.2d 726, 729 (Tex.App.—Waco 1983, writ ref'd n.r. e.).

On appeal Prince Hall assigned error only with respect to the theory of recovery under fraud. No assignments of error are found with respect to the other three inde-

pendent grounds of recovery alleged by Evergreen. Because of the undisputed and uncontroverted facts, the judgment awarded by the court to Evergreen on its motions could have been based upon one of the three alternate independent grounds of recovery alleged by Evergreen. Accordingly, where a judgment rests upon more than one ground, the failure of Prince Hall to assign error as to each ground constitutes a waiver of the right to complain of the ruling for which no error was assigned. *Gillette v. Achterberg,* 159 Tex. 591, 325 S.W.2d 384, 385 (1959); *Hixon v. Pride of Texas Distr. Co.,* 683 S.W.2d 173, 176 (Tex. App.—Fort Worth 1985, no writ); and *Bailey v. Rogers,* 631 S.W.2d 784, 786 (Tex.App. —Austin 1982, no writ). Prince Hall also contended on appeal that it was necessary for Evergreen to actually file a motion for instructed verdict as a prerequisite for the court considering and passing upon a motion for judgment non obstante veredicto. We find the law to be contrary to Prince Hall's position on this point. *See Jackson v. City of Dallas,* 443 S.W.2d 771, 775 (Tex.Civ.App.—Dallas 1969), *rev'd on other grounds,* 450 S.W.2d 62 (Tex.1970).

We would hold that the points of error asserted by Prince Hall be overruled and that the judgment rendered by the trial court in favor of Evergreen be affirmed for the reasons set forth above.

LAGARDE and DEVANY, JJ., join in this opinion.