In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00028-CR


______________________________




THOMAS JACKSON FORSYTH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 22354




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Thomas Jackson Forsyth appeals from his conviction on his open plea of nolo contendere to
the offense of possession of a controlled substance, methamphetamine, less than one gram. The
State abandoned the allegation in the indictment that Forsyth possessed the methamphetamine in a
drug-free zone. See Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). Forsyth also
pled "true" to an enhancement, having been previously convicted of a felony offense of indecency
with a child. This increased the range of punishment to that of a third-degree felony. Tex. Penal
Code Ann. § 12.35(c)(2)(A) (Vernon Supp. 2008). The trial court sentenced Forsyth to five years'
imprisonment. Forsyth was represented by different, appointed, counsel at trial and on appeal. 
Forsyth's attorney has filed a brief in which he concludes that the appeal is frivolous and without
merit, after a review of the record and the related law.

 Counsel states that he has studied the record and finds no error preserved for appeal that
could be successfully argued. The brief contains a professional evaluation of the record and
advances three arguable grounds for review. This meets the requirements of Anders v. California,
386 U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State,
573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Forsyth on October 23, 2008, informing Forsyth of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. Forsyth filed his pro se
response February 10, 2009. 

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We do note, however, that the trial court's judgment in this case indicates that Forsyth was
convicted of "POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY: 
METHAMPHETAMINE OF LESS THAN ONE GRAM, DRUG FREE ZONE" and specifies the
statute for the offense as "481.134 Health and Safety Code." This Court has the authority to reform
the judgment to make the record speak the truth when the matter has been called to our attention by
any source. French v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992). In Asberry v. State, 813
S.W.2d 526 (Tex. App.--Dallas 1991, pet ref'd), the court noted that the authority of the appellate
court to reform incorrect judgments is not dependent on request of any party; the appellate court may
act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to
modify the judgment of the trial court. Tex. R. App. P. 43.2.

 Therefore, we hereby reform the judgment to indicate the correct offense: 
"POSSESSION OF A CONTROLLED SUBSTANCE, NAMELY: METHAMPHETAMINE OF
LESS THAN ONE GRAM." The statute for the offense will be reflected on the judgment as
"Tex. Health & Safety Code Ann. § 481.115(b)." 

 As reformed, we affirm the judgment of the trial court. (1)



 Bailey C. Moseley

 Justice


Date Submitted: February 10, 2009

Date Decided: February 11, 2009


Do Not Publish
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Forsyth in this case. No substitute
counsel will be appointed. Should Forsyth wish to seek further review of this case by the Texas
Court of Criminal Appeals, Forsyth must either retain an attorney to file a petition for discretionary
review or Forsyth must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.



t.] 1994, writ denied); Most Worshipful Prince Hall
Grand Lodge, Free & Accepted Masons of Tex. & Jurisdiction v. Jackson, 732 S.W.2d 407, 412
(Tex. App.--Dallas 1987, writ ref'd n.r.e.).