COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-08-299-CV

 

 

IN THE MATTER OF THE
GUARDIANSHIP

OF CURTIS RAY THOMAS, AN 

INCAPACITATED PERSON

 

                                              ------------

 

               FROM PROBATE COURT
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Curtis Ray Thomas is an incapacitated person who
receives benefits from the Department of Veteran Affairs.  This appeal arises from various proceedings
relating to his guardianship.  Curtis=s
sister, Appellant Carolyn Thomas, and Curtis=s
guardian ad litem filed competing applications for guardianship of Curtis=s
person.  Appellant asked that the trial
court appoint her as guardian of the person of Curtis, and Curtis=s
guardian ad litem requested that Guardianship Services, Inc. be appointed to
serve.  Appellant also filed an
application for guardianship of Curtis=s
estate.  At the time of her application,
Frost National Bank had already been appointed successor guardian of Curtis=s
estate.

The trial court ordered Appellant to provide
security for costs, and when she failed to do so, dismissed Appellant=s
pleadings without prejudice.  The trial
court subsequently granted the guardian ad litem=s
application and appointed Guardianship Services, Inc. as the guardian of Curtis=s person.








Appellant filed a notice of appeal and
subsequently filed her brief.  After
screening her brief, this court notified Appellant that her brief did not
conform to rule 38.1 of the Texas Rules of Appellate Procedure because it
failed to include: a list of all the parties and counsel,[2]
a table of contents,[3]
an index of authorities,[4]
a statement of the case with references to the record,[5]
the issues presented,[6]
a statement of facts with record references,[7]
a summary of the argument,[8]
a clear and concise argument for the contentions made with appropriate
citations to legal authorities and to the record,[9]
or an appendix.[10]  Appellant was instructed to file an amended
brief in compliance with the appellate rules by September 29, 2008.

Appellant timely filed her amended brief.  But as pointed out by Appellee, Appellant=s
amended brief does not contain a table of contents, an index of authorities, a
statement of the case with references to the record, the issues presented, or a
statement of facts with references to the record.  She also fails to cite any authority in
support of her arguments.













When an appellate brief does not contain
citations to appropriate authority in support of an argument made in the brief,
the argument does not meet the requirements for appellate briefs and is
considered waived.[11]  When an appellant inadequately briefs an
issue on appeal, this court has some discretion to choose between deeming the
issue waived and allowing the appellant to amend her brief.[12]  We allowed Appellant an opportunity to amend
the brief that she filed with this court originally.  But her amended brief still fails to comply
with the briefing rules.  We realize that
Appellant prepared her briefs without the assistance of counsel, a difficult
undertaking.  But pro se litigants are
held to the same standards as licensed attorneys with respect to following the
applicable rules of procedure.[13]  Because Appellant=s brief
does not include a statement of issues, the arguments within it are vague, and
it contains no citations to authority, we would have to make her legal
arguments for her.[14]  And because Appellant=s brief
contains no references to the record, we would have to search the record for
her to determine if it supports any legal arguments we could make on her
behalf.[15]  To treat all the parties equitably, we have
no choice but to hold that Appellant has waived her arguments on appeal.[16]

Having held that Appellant waived her arguments
on appeal, we affirm the trial court=s
orders.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT,
and GARDNER, JJ.

DELIVERED:  March 12, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 38.1(a).





[3]See Tex. R. App. P. 38.1(b).





[4]See Tex. R. App. P. 38.1(c).





[5]See Tex. R. App. P. 38.1(d).





[6]See Tex. R. App. P. 38.1(f).





[7]See Tex. R. App. P. 38.1(g).





[8]See Tex. R. App. P. 38.1(h).





[9]See Tex. R. App. P. 38.1(i).





[10]See Tex. R. App. P. 9.4(h),
38.1(k).





[11]See Tex. R. App. P. 38.1(i)
(stating that the brief must contain argument with appropriate citations
to authorities); Liberty Mut. Ins. Co. v. Griesing, 150 S.W.3d 640, 648
(Tex. App.CAustin 2004, pet. dism=d w.o.j.) (ABare assertions of error,
without citations to authority, waive error.@).





[12]See Fredonia State Bank
v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284B85 (Tex. 1994).





[13]Wheeler v. Green, 157 S.W.3d 439, 444
(Tex. 2005) (stating that pro se litigants Aare not exempt from the rules of procedure@ and suggesting that A[h]aving two sets of
rulesCa strict set for
attorneys and a lenient set for pro se partiesCmight encourage litigants
to discard their valuable right to the advice and assistance of counsel@); Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978) (ALitigants who represent
themselves must comply with the applicable procedural rules, or else they would
be given an unfair advantage over litigants represented by counsel.@).





[14]See Strange v. Cont=l Cas. Co., 126 S.W.3d 676, 678
(Tex. App.CDallas 2004, pet.
denied), cert. denied, 543 U.S. 1076 (2005) (stating that appellate
court cannot remedy deficiencies in litigant=s brief).





[15]See Most Worshipful
Prince Hall Grand Lodge v. Jackson, 732 S.W.2d 407, 412 (Tex. App.CDallas 1987, writ ref=d n.r.e.) (noting that it
is not the court of appeals= duty to search the record for evidence
supporting a litigant=s position).





[16]See Fredonia State Bank, 881 S.W.2d at 284B85; Tex. R. App. P.
38.1(i).