

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-08-299-CV

IN THE MATTER OF THE GUARDIANSHIP
OF CURTIS RAY THOMAS, AN
INCAPACITATED PERSON

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Curtis Ray Thomas is an incapacitated person who receives benefits from the Department of Veteran Affairs. This appeal arises from various proceedings relating to his guardianship. Curtis's sister, Appellant Carolyn Thomas, and Curtis's guardian ad litem filed competing applications for guardianship of Curtis's person. Appellant asked that the trial court appoint her as guardian of the person of Curtis, and Curtis's guardian ad litem requested that Guardianship

---

[1] *See* Tex. R. App. P. 47.4.

Services, Inc. be appointed to serve. Appellant also filed an application for guardianship of Curtis's estate. At the time of her application, Frost National Bank had already been appointed successor guardian of Curtis's estate.

The trial court ordered Appellant to provide security for costs, and when she failed to do so, dismissed Appellant's pleadings without prejudice. The trial court subsequently granted the guardian ad litem's application and appointed Guardianship Services, Inc. as the guardian of Curtis's person.

Appellant filed a notice of appeal and subsequently filed her brief. After screening her brief, this court notified Appellant that her brief did not conform to rule 38.1 of the Texas Rules of Appellate Procedure because it failed to include: a list of all the parties and counsel,[2] a table of contents,[3] an index of authorities,[4] a statement of the case with references to the record,[5] the issues presented,[6] a statement of facts with record references,[7] a summary of the

[2] *See* Tex. R. App. P. 38.1(a).

[3] *See* Tex. R. App. P. 38.1(b).

[4] *See* Tex. R. App. P. 38.1(c).

[5] *See* Tex. R. App. P. 38.1(d).

[6] *See* Tex. R. App. P. 38.1(f).

[7] *See* Tex. R. App. P. 38.1(g).

argument,[8] a clear and concise argument for the contentions made with appropriate citations to legal authorities and to the record,[9] or an appendix.[10] Appellant was instructed to file an amended brief in compliance with the appellate rules by September 29, 2008.

Appellant timely filed her amended brief. But as pointed out by Appellee, Appellant's amended brief does not contain a table of contents, an index of authorities, a statement of the case with references to the record, the issues presented, or a statement of facts with references to the record. She also fails to cite any authority in support of her arguments.

When an appellate brief does not contain citations to appropriate authority in support of an argument made in the brief, the argument does not meet the requirements for appellate briefs and is considered waived.[11] When an appellant inadequately briefs an issue on appeal, this court has some discretion to choose between deeming the issue waived and allowing the appellant to amend her

---

[8] *See* Tex. R. App. P. 38.1(h).

[9] *See* Tex. R. App. P. 38.1(i).

[10] *See* Tex. R. App. P. 9.4(h), 38.1(k).

[11] *See* Tex. R. App. P. 38.1(i) (stating that the brief *must* contain argument with appropriate citations to authorities); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) ("Bare assertions of error, without citations to authority, waive error.").

brief.[12]  We allowed Appellant an opportunity to amend the brief that she filed with this court originally.  But her amended brief still fails to comply with the briefing rules.  We realize that Appellant prepared her briefs without the assistance of counsel, a difficult undertaking.  But pro se litigants are held to the same standards as licensed attorneys with respect to following the applicable rules of procedure.[13]  Because Appellant's brief does not include a statement of issues, the arguments within it are vague, and it contains no citations to authority, we would have to make her legal arguments for her.[14]  And because Appellant's brief contains no references to the record, we would have to search the record for her to determine if it supports any legal arguments

---

[12] *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994).

[13] *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (stating that pro se litigants "are not exempt from the rules of procedure" and suggesting that "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel"); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").

[14] *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076 (2005) (stating that appellate court cannot remedy deficiencies in litigant's brief).

we could make on her behalf.[15]  To treat all the parties equitably, we have no choice but to hold that Appellant has waived her arguments on appeal.[16]

Having held that Appellant waived her arguments on appeal, we affirm the trial court's orders.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 12, 2009

---

[15] *See Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.) (noting that it is not the court of appeals' duty to search the record for evidence supporting a litigant's position).

[16] *See Fredonia State Bank*, 881 S.W.2d at 284–85; Tex. R. App. P. 38.1(i).